

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

December 31, 1973

The Honorable Mark W. White, Jr.        Opinion No. H-191
Secretary of State
Austin, Texas

Re: What "persons" are required
to register expenditures under
§ 3(a) of House Bill 2, 63rd Leg.,
to be codified as Article 6252-9c,
Vernon's Texas Civil Statutes?

Dear Secretary White:

On January 1, 1974, the provisions of House Bill 2 of the 63rd Legislature (Acts 1973, 63rd Leg., ch. 422, p. 1096) will become effective. The Act is one "relating to the activities, registration, and reporting requirements of persons engaging in activities designed to influence legislation", and may be otherwise known as the "Lobby Act". It will be codified in Vernon's Texas Civil Statutes as Article 6252-9c.

Persons engaging in certain specified activities, spelled out in § 3 of the Act, are required to register. Section 3(a)(1) includes among those who must register:

> "(1) a person who makes a total expenditure in
> excess of $200 in a calendar quarter, not including his
> own travel, food, or lodging expenses, or his own
> membership dues, for communicating directly with
> one or more members of the legislative or exec-
> utive branch to influence legislation . . . "

You have asked whether a corporation, association, firm, partnership, committee, club or other organization, or a group of persons who are voluntarily acting in concert, who expends in excess of $200.00 a calendar quarter <u>by paying an individual to communicate</u> directly with a member of the legislative or executive branch to influence legislation be required to register under Sec. 3(a) in addition to the individual who must register on their behalf.

Section 3(a)(2) requires registration of a person who receives compensation or reimbursement from another to communicate directly with a member of the legislative or executive branch to influence legislation.

Your question tracks the language of § 2(1) of the Act defining "person". Therefore, what you have asked is whether a "person", as defined, who pays or reimburses the person required by § 3(a)(2) to register, must also register if he or it expends more than $200.  We think not.

Section 3(a)(1) applies to those who make expenditures "for communicating directly with" a member of the legislative or executive branches.  Section 2(5) defines "Communicates directly with" to mean "contact in person or by telephone, telegraph, or letter".  The person who hires his communicating done by another does not "communicate directly with", within that definition, and is not required by § 3(a)(1) or (2) to register.

We see no constitutional problem in this classification of those who must register.  The person required to register under §3(a) must, in his registration give the full name and address of each person by whom he is employed to communicate and on whose behalf he is to so communicate.  Section 5(b)(4). In addition, § 5(c) requires that, if a registrant's activities are done on behalf of a group, the registration shall include a statement as to the number of members in the group and a "full" description of the methods used to develop and make decisions about positions on policy.

In Attorney General Opinion H-18 (1973) we discussed the provisions of this Act as they then appeared in House Bill 2, pending before the 63rd Legislature.

We are of the opinion, therefore, that a "person", as defined in the Act, who expends in excess of $200 per calendar quarter by paying another to communicate directly with a member of the Legislature would not have to register under House Bill 2.

## SUMMARY

Article 6252-9c, House Bill 2 of the 63rd Legislature, does not require the "person" (used in its inclusive sense) who employs or reimburses another to communicate with a member of the legislative or executive branch, to register.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee